Appeal by petitioner from an order denying his application to adjudicate his right to visitation and partial custody with respect to his five-year-old daughter, the sole issue of the marriage between the petitioner and the respondent. By separation agreement entered into between the parents in January of 1947, custody was given to the respondent, with the right of visitation and temporary custody to the petitioner “ as the parties may deem reasonable hereafter.” The agreement further provided that any dispute as to what is reasonable may be determined by judicial proceeding. The agreement was approved and adopted in a Nevada decree of divorce granted to the respondent thereafter on March 3, 1947. It appears that an arrangement was worked out between these parents for the petitioner to have the child on Sundays from 10:30 a.m. until 5:30 P.M., and that there has been substantial adherence in fact. The petitioner now seeks enlargement of his visitation rights, including a present provision for further enlargement upon the child’s attainment of her seventh year, and also complains with respect to the respondent’s substitution of another day for Sunday at times. Although the Special Term did not accord a hearing on this application, the appellant asks this court to determine the matter on the present record. We are of opinion that there should be no enlargement of the petitioner’s rights at this time, but that an order should be made which will fix these rights in accordance with the stated arrangements of the parties. Order modified on the law and the facts by striking out the words “ denied in all respects ” from the ordering paragraph, and by inserting in lieu thereof a provision that the application is granted to the extent that the petitioner is awarded a right of visitation to call for the child on Sunday of each week at 10:30 a.m. and to return her at 5:30 p.m. the same day, and that the application otherwise is denied. As so modified, the order is affirmed, without costs. Carswell, Acting P. J., Johnston, Adel and Wenzel, JJ., concur; MaeCrate, J., not voting.